

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN 11

**GROVER SELLERS**
ATTORNEY GENERAL

Honorable Bascom Giles, Commissioner
General Land Office of Texas
Austin, Texas

Dear Sir:                                          Opinion No. O-6866

                                            Re: Applicability of Articles 5388,
                                                et seq. to unsold school lands.

        We have your opinion request relative to the legality
and effect of "mineral awards", such as are provided for by Articles
5388 through 5398, V. R. C. S., on <u>unsold</u> school lands. You ask the
following three questions:

        "1. Could I legally issue mineral awards on unsold
    school land?

        "2. If you answer question one in the affirmative,
    what minerals would be covered by such mineral award?
    Would the award cover all minerals, metallic and non-
    metallic, except oil, gas, coal and lignite in view of
    Section 8 of Chapter 271, Acts of 1931, as amended by
    Section 2 of House Bill 9, Acts of 1939?

        "3. If you answer question one in the affirmative,
    let us suppose that after the claims have been located
    on the ground, and the applications have been filed in
    the County records and in the General Land Office, the
    sale of the land is reinstated, and that the land was
    originally sold prior to the effective date of Chapter
    271, Acts of 1931, with a mineral and grazing classi-
    fication. Let us further suppose that after such reinstate-
    ment, the mineral awards are issued. What minerals would
    be covered by the awards?"

        We first consider whether you may legally issue mineral
awards on <u>unsold</u> school land. Article 5388 provides:

        "All valuable mineral bearing deposits, placers,
    veins, lodes and rock carrying metallic or non-metallic
    substances of value except oil, natural gas, coal and
    lignite, that may be <u>in any lands included in this
    chapter shall be subject to development, sale and
    patenting as provided in this subdivision.</u>" (Emphasis
    ours)

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Articles 5388 et seq., which are too lengthy to copy here, provided a comprehensive method of developing minerals, other than oil, natural gas, coal and lignite, by staking out small mining claims therefor, securing "mineral awards" to the same, and finally procuring a patent to such minerals.

The Legislature, in 1925, placed Articles 5388 et seq. in Chapter 5 of Title 86 of the Revised Civil Statutes. The "lands" included in that chapter are described in Article 5383 R. C. S. to include, among others, both sold and unsold school lands. Therefore, the Legislature then meant that Articles 5388 et seq. were applicable to unsold as well as sold school lands. These statutes still apply to both sold and unsold school lands unless they have been wholly or partially repealed since 1925.

We are unable to find any act expressly repealing Articles 5388 et seq. in whole or in part. However, we believe these acts were impliedly repealed, insofar as unsold school lands are concerned, by Chapter 271, Acts 42nd Legislature, 1931, page 452. This Act, which has been partially amended, is now known as Article 5421c V. R. C. S. We deem it advisable to quote the following portions of said Chapter 271:

"Section 1. All lands heretofore set apart to the public free school funds under the Constitution and laws of Texas, and all of the unappropriated and unsold public domain remaining in this State of whatever character, except river beds, and channels, and islands, lakes and bays, and other areas within tide water limits, are subject to control and sale under the provisions of this Act.

" * * *

"Sec. 8. Lands Subject to Lease.--All islands, salt water lakes, bays, inlets, marshes and reefs owned by the State within tide water limits, and that portion of the Gulf of Mexico within the jurisdiction of Texas, and all unsold public free school land, both surveyed and unsurveyed, shall be subject to lease by the Commissioner to any person, firm or corporation for the production of the minerals, except gold, silver, platinum, cinnabar and other metals, that may be therein or thereunder, in accordance with the provisions of this Act and subdivision 2, Chapter 4, Title 86, Revised Statutes

of 1925, relating to leasing public areas, in so far as same is not in conflict herewith.

*  *  *  *

"Sec. 12. Any person or corporation desiring to prospect a tract of land or a part of a tract belonging to the State for gold, silver, platinum, cinnabar and other metallic ores and precious stones may file an application with the Commissioner of the Land Office designating the area to be prospected, and such applicant shall have a period of one year from date of filing such application within which to prospect the area designated. Within the period of said year he may file an application to lease the area designated for the purpose of mining gold, silver, platinum, cinnabar and other metallic ores and precious stones and remit fifty cents an acre as first annual payment of rental on the lease and continue to make such payments from year to year for a period of five (5) years, unless some of the minerals mentioned herein shall be discovered sooner in paying quantities. On the discovery of any of such minerals, the payments of such rental shall cease. On the twentieth (20) day of each month the owner of the mine or mines shall pay the royalty due the State, which shall be one-sixteenth (1/16) of the value of the minerals sold or moved off the premises. . . ." (Emphasis ours)

You will observe that this 1931 Act provided a complete method for developing all the minerals covered by Articles 5388 et seq., insofar as unsold school lands are concerned. Yet the Act does not expressly repeal Articles 5388 et seq. in whole or in part. The question is, did the 1931 Act impliedly repeal them?

Repeals by implication are not favored, particularly in relation to laws concerning public lands, and a positive repugnance is ordinarily required before such a law will be held to have been repealed by implication (Winterman vs. McDonald, 102 S. W. (2d) 167, 104 S. W. (2d) 4). We find no positive repugnance between the 1931 Act and Articles 5388 et seq. Indeed, they might easily stand together as alternative methods of developing certain minerals in unsold public school lands.

But the problem is not so easily solved. There is another applicable rule of statutory construction, most aptly quoted in

Galveston H. H. R. Co. vs. Anderson, 229 S. W. 998 as follows:

". . . It is in effect held in all the cases cited
that, while the law does not favor repeal by implica-
tion, it must be held that a subsequent statute re-
vising the subject-matter of a former one, and evi-
dently intended as a substitute therefor, although it
contains no express words to that effect, does operate
to repeal the former; that though a subsequent stat-
ute be not repugnant to a former one, yet, if it was
clearly intended to prescribe the only rules which
should govern, it repeals the prior statute. . . ."
(Emphasis ours)

We believe the 1931 Act was a complete substitute for
Articles 5388 et seq. insofar as unsold school lands are concerned.
The Supreme Court of Texas, when speaking of that 1931 Act in Short
et al vs. W. T. Carter & Brother et al, 126 S. W. (2d) 953, 957,
said:

". . . Thus it is apparent that the Act is a com-
prehensive statute, authorizing the sale and the leas-
ing for minerals of all unsold public school land,
both surveyed and unsurveyed, and prescribing the
terms and conditions of sales and leases. It is a
statute complete in itself, except that by reference
it incorporates some of the provisions of the Revised
Civil Statutes. . . ."

Again, on page 960 of the same opinion, the Court said:

". . . The Act of 1931, as has been said, pro-
vides for and regulates the sale and leasing of
all public school land, surveyed and unsurveyed, and
is complete in itself except that it incorporates by
reference certain of the articles of the Revised
Civil Statutes. . . ."

Since the 1931 Act is complete within itself and fur-
nishes a complete system for development of minerals in unsold
school land, it is our opinion that it is a substitute for Ar-
ticles 5388 et seq. insofar as unsold school lands are concerned
and impliedly repealed the same to that extent.

Section 8 of the 1931 Act, relating to non-metallic
minerals, was amended in 1939 and is now known as Article 5421c

Sec. 8, V. R. C. S. Section 12 of the 1931 Act, relating to metallic minerals and precious stones, was amended in 1941 and again in 1943, and is now known as Article 5421c, Sec. 12, V. R. C. S. These amendments were of no consequence, insofar as the question before us now is concerned.

Your first question is answered "no", and this makes it unnecessary to answer your second and third questions.

We do not wish to be understood to say that Articles 5388 et seq. were repealed insofar as sold school lands are concerned.

APPROVED AUG 15 1945

Yours very truly

ATTORNEY GENERAL OF TEXAS

By W. T. Curry
W. T. Curry
Assistant

WTC/JCP

APPROVED
OPINION
COMMITTEE
BY [signature]
CHAIRMAN